## SECOR v. LAW.

September, 1867.

Affirming 9 *Bosw.* 163.

One of several associates, having employed plaintiffs to do work for the benefit of all, and having accounted with his associates on the basis of assuming and being credited with payment of what is due to the plaintiffs, is liable to plaintiffs therefor, without his associates being joined in the action.*

In an action on the contract, an amendment of the complaint necessary to make this ground of liability appear, may be allowed by the referee at the trial.

Theodosius F. Secor and Charles Morgan sued George Law in the New York superior court, for work, labor and materials, done under a special contract, and extra thereto.

The defendant and others who were associated in building steamships to fulfill a goverment mail contract, made an agreement with each other, whereby the defendant and Messrs. Roberts, Croswell and Wetmore agreed to build the vessels, conformable to the government contract, and under defendant's direction; the vessels when built to be held by the defendant, and Roberts and McIlvaine as trustees for the associates. The hulls of the vessels having been thus built, defendant made a contract with the plaintiffs, employing them to furnish the engines. This contract, which was in form tripartite, purported to be made by plaintiffs with the defendant and Roberts, and Croswell and Wetmore, but was signed only by defendant, and by the members of plaintiffs' firm.

The complaint, as the pleadings stood at the commencement of the trial before a referee, was for the value of work under the contract ; and of extra work; and for a sum found due on an accounting for work, &c., on the same vessels.

On the trial before a referee, the plaintiffs were allowed to amend the complaint, by adding another cause of action claiming on an accounting, in respect of the same sums claimed

---

* See Coster v. Mayor, &c. of Albany, 43 *N. Y.* 399.

Secor v. Law.

for work, &c., and for wharfage, and a cross claim for delay,—and a promise by defendant to pay the balance.

The referee found that the defendant made the agreement with plaintiffs in consideration of their giving him a receipt for one tenth of the nominal sum to be paid them, and accepting a conveyance of land in payment of about $\frac{3}{20}$ more; and that he rendered his account to his associates, charging this as cash paid; and that in the settlement with his associates he agreed to pay to plaintiffs the residue due them.

*The superior court* held that the facts authorized the referee to infer that exclusive credit was given to defendant; also that as he had been allowed by his associates the sum he assumed to pay plaintiffs, he was liable therefore alone. Reported in 9 *Bosw.* 163.

*H. W. Robinson, Waldo Hutchins, W. F. Allen,* for defendant, appellant;—Cited *Broome on Parties,* (Law Library Ed.) Waugh *v.* Crane, 1 *H. Bl.* 235; Brofield *v.* Smith, 12 *M. & W.* 405; King *v.* Lowry, 20 *Barb.* 532; 3 *Kent Com.* 155, 156 and cases cited note (a) 41–44; Muldon *v.* Whitlock, 1 *Cow.* 290; Pearce *v.* Wilkins, 2 *N. Y.* (2 *Comst.*) 469; 1 *Pars. on Cont.* 162; *Story on Agency,* §§ 37, 124, *Smith's Mer. Law,* 93; Willet *v.* Chambers, *Cowper,* 814; Alexander *v.* Barker, 2 *Cromp. & Jer.* 139; *Cro. Car.* 550; *Ch. on Cont.* 71, 227; Clason *v.* Bailey, 14 *Johns.* 484; Schermerhorn *v.* Loines, 7 *Id.* 311; Higgins *v.* Packard, 2 *Hall,* 547; 1 *Ch. Pl.* 47, 42; David *v.* Ellice, 5 *B. & C.* 196; 3 *Id.* 611; Dezell *v.* Odell, 3 *Hill,* 215; Plumb *v.* Cattaraugus Mut. Ins. Co., 18 *N. Y.* 392; Reynolds *v.* Lounsbury, 6 *Hill,* 534; Lawrence *v.* Brown, 5 *N. Y.* (1 *Seld.*) 394; Lansing *v.* Montgomery, 2 *Johns.* 282; Welland Canal Co. *v.* Hathaway, 8 *W. R.* 480; Street *v.* Tuttle, 14 *N. Y.* (4 Kern.) 465; Wooster *v.* Chamberlin, 28 *Barb.* 602; *Code,* §§ 122, 173, 170; Relyea *v.* Drew, 1 *Den.* 563; Query *v.* Bordlinger, *Litt. Sel. Cas.* 87; Kelsey *v.* Western, 2 *N. Y.* (2 *Comst.*) 506; Catlin *v.* Gunter, 11 *N. Y.* (1 Kern.) 369; Codd *v.* Rathbone, 19 *N. Y.* 37; Brazill *v.* Isham, 1 *E. D. Smith,* 437, affirmed in 12 *N. Y.* (2 *Kern.*) 9; 2 *Pars. on Cont.* 27, 28; 4 *Rep.* 80; 4 *Taunt.* 329; Cook *v.* Jennings, 7 *T. R.*

381; Selway v. Fogg, 5 M. & W. 83; Smith v. Smith, 1 Sandf. 206; Ladue v. Seymour, 24 Wend. 60; Ferris v. Paris, 10 Johns. 284; Taylor v. Bates, 5 Cow. 376; Walrath v. Thompson, 6 Hill, 540; Sears v. Patrick, 23 Wend. 527; Cooley v. Betts, 24 Id. 203; Savage v. Putnam, 32 N. Y. 506; Colvin v. Holbrook, 2 N. Y. (2 Comst.) 126; Costigan v. Newland, 12 Barb. 456; Cobb v. Beck, C. 6 Q. B. 930; Barlow v. Burrow, 16 M. & W. 126; Malcolm v. Scott, 5 Exch. 601; Williams v. Everitt, 14 East. 582; Nedlake v. Hurley, 1 Cromp. & Jer. 83; Bigelow v. Davis, 16 Barb. 561; Mech. & Farm. Bank v. Whinfield, 24 Wend. 426; Clark v. Vorce, 19 Id. 232; Myers v. Malcolm, 6 Hill, 296; Dresser v. Ainsworth, 9 Barb. 619; Boyle v. Colman, 13 Id. 44, and cases cited; Worrell v. Parmelee, 1 N. Y. (1 Comst.) 519; Platt v. Halen, 23 Wend. 456; Saltus v. Genin, 3 Bosw. 250; Union Bank v. Mott, 10 Abb. Pr. 372; Ed. on Relief, 33.

John H. Reynolds, for plaintiffs, respondents;—Cited Colvin v. Holbrook, 2 N. Y. (2 Comst.) 126; Rathbon v. Budlong, 15 Johns. 1; McComb v. Wright, 4 Johns. Ch. 659; Mills v. Hunt, 20 Wend. 431; 2 Kent Com. 630; Dunlap's Paley on Agency, 371, 372; Weston v. Baker, 12 Johns. 276; Buel v. Boughton, 2 Den. 91; Lawrence v. Fox, 20 N. Y. 268; Code, §§ 272, 172; 3 Abb. Pr. 431; 11 N. Y. (1 Kern.) 237.

BY THE COURT.—GROVER, J.—[Remarks on an immaterial exception and an unavailable objection, are omitted.]

As to the first question, the referee found that, before the commencement of the action, the associates of defendant paid him their respective shares of the demand in suit, and that he agreed with them to pay and satisfy the plaintiffs therefor. This rendered him individually liable to the plaintiffs upon such demand, irrespective of the question whether he was so liable upon the contract. Lawrence v. Fox, 20 N. Y. 268. In that case, it was decided by this court that an action could be maintained upon a promise made by the defendant upon a valid consideration to a third person for the benefit of the plaintiff, although the latter was not privy to the considera-

tion. It was further held, in the same case, that a creditor could maintain an action against a person who had borrowed money of his debtor upon a promise to pay the amount to the creditor. The present case falls directly within the principle of this case. Here, from the facts found by the referee, the defendant was allowed this demand by his associates upon a settlement between them, and paid by them their respective shares, and in consideration thereof, promised to assume and settle the demand with the plaintiffs. The defendant was individually liable to the plaintiffs upon this contract.

The referee had the same power to allow an amendment as the court has upon a trial. *Code of Pro.* § 272. The court (§ 173) has power, upon trial, to amend by inserting additional allegations, and to conform the pleadings to the proof. These sections authorize the amendment allowed by the referee.

All the judges concurred.

Judgment affirmed, with costs.